QIZENG CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, United States Attorney General, Immigration and Naturalization Service, Respondent.

No. 04–5456–ag.

United States Court of Appeals, Second Circuit.

Dec. 11, 2007.

QiZeng Chen, pro se, Paterson, NJ, for Petitioner.

E. Bryan Wilson, Assistant United States Attorney (Gregory R. Miller, United States Attorney, on the brief), Northern District of Florida, Tallahassee, FL, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges, Hon. CHARLES S. HAIGHT, District Judge.[1]

### SUMMARY ORDER

QiZeng Chen, a native and citizen of China, seeks review of a September 15, 2004 order of the BIA affirming without opinion Immigration Judge ("IJ") Sandy K. Hom's August 19, 2003 decision denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re QiZeng Chen,* No. A79–156–396 (B.I.A. Sept. 15, 2004), *aff'g* No. A79–156–396 (Immig. Ct. N.Y. City Aug. 19, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

1. Honorable Charles S. Haight, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We examine the findings for "whether [the] determination was supported by substantial evidence and based on specific, cogent reasons bearing a legitimate nexus to the determination." *Belortaja,* 484 F.3d at 626 (citing *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 333–35 (2d Cir. 2006)). This Court reviews de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales,* 331 F.3d at 307.

Here, the IJ denied Chen's claims based on an adverse credibility determination. In concluding that Chen lacked credibility, the IJ made the following seven findings: (1) Chen's answers indicated a lack of understanding of Falun Gong; (2) Chen's testimony was conflicting and internally inconsistent regarding his parent's practice of Falun Gong; (3) it was implausible that Chen's father was able to obtain Chen's birth certificate and other government documents from Chinese authorities; (4) Chen produced no witnesses or affidavits to corroborate his current practice of Falun Gong; (5) Chen's parents continue to reside in China without difficulty; (6) Chen's responses during testimony were rote and limited in scope and details; and

(7) Chen was non-responsive to many questions. The IJ further found that Chen did not qualify for asylum because he was never a "leader nor a master nor a teacher of Falun Gong" and because his alleged detention and fine did not rise to the level of persecution. Because we find that the IJ's adverse credibility determination was not supported by substantial evidence, and because the IJ erred in concluding that Chen could not satisfy the eligibility requirements for asylum, *see* 8 U.S.C. § 1158, we remand the case to the BIA.

■ First, the IJ's determination that Chen's answers demonstrated a lack of knowledge of Falun Gong was significantly flawed. The IJ's finding that petitioner "was unable to give clear and specific responses to questions" concerning Falun Gong is clearly refuted by the record. Although Chen was unable to answer such questions immediately, after asking for clarification, Chen was readily able to describe the five basic movements in Falun Gong and the principle behind the movements.

Second, the IJ's inconsistency findings rested on minor inconsistencies and were otherwise flawed. The IJ made an adverse credibility determination against Chen, in part because his father's letter did not mention the fine levied against Chen. His father's letter is brief, but it describes the abuses suffered by Chen and his family and explains that Chen was detained and that after he was released Chen told his parents that he had reached a "deal" with the officials and promised to lead them to more arrests. Given Chen's suffering of physical detention and interrogation, the omission of a monetary fine is arguably minor. Further, Chen's testimony regarding his persecution, including the fine, was completely consistent throughout his asylum application process. *See Tu*

*Lin v. Gonzales,* 446 F.3d 395, 401 (2d Cir.2006) (finding that "non-material, minor, and isolated disparities in an applicant's otherwise generally consistent, rational, and believable testimony need not be fatal to credibility" (internal quotation marks omitted)). The IJ's determination that Chen's testimony was inconsistent regarding his parents' current practice of Falun Gong was flawed because the IJ failed to take into account Chen's explanation that his parents no longer practice in public, in the parks where Falun Gong was popularized, and instead practice only at home. *See Cao He Lin,* 428 F.3d at 403 (emphasizing that an IJ is required to give "a reasoned evaluation of [the petitioner's] explanation").

Third, the IJ's finding that Chen's testimony regarding his birth certificate and government documents was not credible was too speculative to support an adverse credibility finding. The IJ rejected Chen's explanation that the documents were issued "from two different agencies," and that his father went to the district government to obtain the documents, because the township was familiar with Chen's situation. Absent consideration of evidence regarding the process for obtaining these documents, including whether different agencies in China do, in fact, communicate on such issues, however, the IJ's assessment amounted to impermissible speculation. *Cao He Lin,* 428 F.3d at 405 (holding that "absent record evidence of practices in foreign countries, the IJ must not speculate as to the existence or nature of such practices"). The IJ did not consider such evidence.

Fourth, when the IJ found that Chen's testimony that he now practices Falun Gong in the United States could not be credited, the IJ misapplied the standard for corroboration. We have said that "simple failure to produce any particular

documentary support cannot serve as the sole basis of an adverse credibility finding." *Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000). However, if the IJ finds that additional corroboration is necessary to satisfy the applicant's burden of proof, the IJ must give the applicant notice regarding the need for corroboration and an opportunity to remedy the supposed evidentiary gap. *See Mei Chai Ye v. U.S. Dep't. of Justice,* 489 F.3d 517, 527 n. 9 (2d Cir.2007); *Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006); *Cao He Lin,* 428 F.3d at 394–95. Here the IJ did neither.

Fifth, in relying on the fact that Chen's "parents still continue to reside in the People's Republic of China and that there is no difficulty or problem with their continued presence," the IJ failed to take into account Chen's explanation that his parents do not practice Falun Gong in public anymore. *See Cao He Lin,* 428 F.3d at 403.

Sixth, the IJ erred in concluding that Chen's testimony was rote and limited in scope and in details. The IJ did not identify which portions or aspects of Chen's testimony were unacceptably rote or limited or what portions of Chen's testimony were lacking in specificity or substance. A review of the record indicates that Chen was able to give detailed answers regarding the day of his arrest, his practice of Falun Gong in China and in the United States, his flight from his home town, and his emigration from China. The IJ's conclusory statements demonstrate that he failed to engage in "a reasoned evaluation of [respondent's] explanations." *Id.* at 403. Because the IJ's conclusion "was based on flawed reasoning" it "cannot constitute substantial evidence supporting [the IJ's ultimate] conclusion." *Id.*; *see also Rui Ying Lin v. Gonzales,* 445 F.3d

127, 135 (2d Cir.2006) (noting that an IJ "must give specific, cogent reasons for rejecting [a] petitioner's testimony" (internal quotation marks omitted)). Moreover, where an IJ harbors doubt about a petitioner's credibility, the IJ should probe for details because "a legal standard that empowers an IJ or the BIA to rule against a petitioner who fails to anticipate the particular set of details that the fact-finder desires (but does not request, through questions directed to the applicant) is no standard at all." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007); *see also Yang v. BIA*, 440 F.3d 72, 74 (2d Cir.2006).

Seventh, the IJ's finding that Chen was unresponsive during testimony is not supported by the record. While we accord particular deference to the IJ's assessment of Chen's demeanor, *see Tu Lin*, 446 F.3d at 400–01, "the fact that the [IJ] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). The IJ points to nothing in the record to support his conclusory statement regarding Chen's alleged unresponsiveness. When questioned regarding the origins of Falun Gong, Chen's answers do not appear to be intentionally obscure or evasive, rather, his answers show that he had difficulty with the translation but nonetheless attempted to answer the questions to the best of his ability.[2] The IJ's assertion

that Chen was unresponsive during testimony is not borne out by the record, and cannot support a finding of adverse credibility.

■ Finally, as to the IJ's finding of eligibility, the IJ misapplied the law. In relying on a finding that Chen was ineligible for asylum because he was "never a leader nor a master nor a teacher; he never publicly supported Falun Gong," and he has not shown that he "supports any organization that also supports his aims and principles as well while here in the United States," the IJ failed to recognize that there is no requirement that a petitioner be currently practicing his religion in an organized fashion in the United States or that a petitioner show that he or she was a leader or a master of the religion in his or her home country. Instead, we have explained that the relevant analysis is simply whether Chen credibly testified to his practice of Falun Gong, that he was perceived as a member of Falun Gong, and that he was persecuted on account of it. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006) ("The critical showing that an applicant must make to demonstrate eligibility for asylum on religious persecution grounds is that he has suffered past persecution, or fears future persecution, on the basis of religion.").

Also, the IJ's finding that the abuses Chen was subjected to did not rise to the level of persecution was in error. Chen's asylum application, which was sworn to and admitted into evidence, explains that

---

**2.** For example, when asked "Where is Falun Gong derived from, what other exercise?" Chen answered "Beijing." After a few attempts to direct Chen to answer the correct question, the IJ stepped in to clarify by saying "The origin. The origin of Falun Gong, *where* did it come from?" (emphasis added). The

ambiguity of this question is undeniable. Even so, Chen did not simply repeat his previous answers, but attempted to explain his own position by stating, "What I heard was that origin from Beijing, and from there they spread out."

when he was detained, he was interrogated, slapped, and hit in the stomach. At the hearing, Chen again explained that he was detained and interrogated. If credited, Chen provided the essential elements necessary for his asylum application. *See Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006) (holding that even "a 'minor beating' . . . may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground"). Moreover, the IJ failed to take into account whether the detention, interrogation, and fine, coupled with the fact that Chen was allegedly asked to turn in fellow practitioners, gave rise to a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42).

Given the errors we have identified, remand is necessary because we cannot state with confidence that the agency would reach the same result absent these errors. *See Bao Zhu Zhu v. Gonzales,* 460 F.3d 426, 433–34 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, the stay of removal that we previously granted in this petition is VACATED.